Harper, J.
We are of opinion that the decision of the presiding judge must be reversed. Certainly the plaintiff’s execution had no legal lien on the slaves included in the mortgage. They were, at all events after condition forfeited, the legal property of the mortgagee, Harrington, and if the sheriff had sold them under execution subject to his mortgage, he might have recovered them of the purchaser, in detinue or trover. Nor had the execution any lien on the surplus of the money produced by the sale of the negroes. If Harrington himself had sold them, how could the execution have reached the money in his hands, or if he had taken a note to himself, how could that be reached ? But the case is essentially the same, as the money was received and the notes taken by his agent. The question whether money may be the subject of levy was considered, though not decided, in the case of Summers v. Caldwell, 2 N. & M’C. 341. The Court in that case refused to compel the sheriff to pay over to the plaintiff money which he had collected for him on execution, which the sheriff claimed to apply to another execution in his office against that plaintiff. It is said that the interference by rule is discretionary with the Court, and that was a case in which the parties should be left to their remedy by action. I have no doubt but that the Court may compel a sheriff to apply to executions monies which come into his hands officially ; as where he collects money on an older execution, and a surplus *408 remains, he will be compelled to apply it to the satisfaction of younger executions in his hands. But in this case the money did not come into his hands officially. He did not receive it as sheriff, but as'the private agent of Harrington, to whom alone in legal strictness he was answerable for it. if it had been paid over to Harrington, the defendant might have recovered it of him by a proceeding in equity, or perhaps by an action for money had and received. I do not think it necessary to inquire whether Súber could maintain any action on the assignment, either against Harrington or the sheriff, nor would it be proper to do so. Súber is not regularly a party to the present proceeding. The object of the proceeding by rule, is not to determine contested rights, but to compel the officer to do his duty, and the disposal of this fund is no part of the sheriff’s official duty. If Súber has any rights, he must prosecute them as he may be advised.
Pope and Fair, for the motion.
Dunlap and Summer, contra.
The motion is granted.
Johnson & O’Neall, Js. concurred.